UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON DYE,

       Plaintiff,

                                        Case No. 25-cv-11951

v.                                 Honorable Linda V. Parker

CITY OF FLINT, ET AL.,

       Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND REQUIRING THE FILING OF AN AMENDED COMPLAINT**

On June 27, 2025, Plaintiff filed this lawsuit against the City of Flint, Flint's Mayor, City Council, and several of its council members, Genesee County, the Flint Police Department, the Mayor of Mundy Township, and 200 John Does. (ECF No. 1.)  In his Complaint, Plaintiff claims that chemically contaminated water is replacing the water in the Great Lakes.  He asserts violations of Article IV and the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and 28 U.S.C. § 1654.  Plaintiff also has filed an application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.  (ECF No. 2.) The Court is granting Plaintiff's IFP application.  However, because the Complaint fails to comply with Federal Rule of Civil Procedure 8, the Court is requiring Plaintiff to file an amended pleading.

Rule 8(a) requires that a complaint set forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief sought. *See* Fed. R. Civ. P. 8(a). A complaint must contain sufficient factual matter, that when accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id*. (citing *Twombly*, 550 U.S. at 556). A complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Twombly*, 550 U.S. at 555. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Generally, a less stringent standard is applied when construing the allegations in a pro se complaint. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Even when held to a less stringent standard, however, Plaintiff's Complaint fails to satisfy Rule 8.

For one, Plaintiff fails to allege facts demonstrating the personal involvement of any of the named defendants in any of the alleged constitutional violations. *See Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Heyward v. Cooper*, 88 F.4th 648, 661 (6th Cir. 2023) (citing *Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 564 (6th Cir. 2011)) (explaining that claims against government officials arising from alleged violations of constitutional rights must allege particular facts demonstrating "what *each* defendant did to violate the asserted constitutional right"). Defendants cannot be held liable on a respondeat superior theory of liability. *See Does v. Whitmer*, 69 F.4th 300, 306 (6th Cir. 2023) (citing *Peatross v. City of Memphis*, 818 F.3d 233, 241-43 (6th Cir. 2016)). Thus, to hold the named mayors or council members liable, Plaintiff "must plausibly allege that [each] defendant 'authorized, approved, or knowingly acquiesced in the [alleged] unconstitutional conduct . . ..'" *Id.* (quoting *Peatross*, 818 F.3d at 242). Similarly, to hold the City of Flint or Genesee County liable, Plaintiff must plausibly allege that his constitutional rights were violated, and that each municipality had a "policy or custom" that caused the violation. *Linden v. City of Southfield*, 75 F.4th 597, 605 (6th Cir. 2023) (citing *Wright v. City of Euclid*, 962 F.3d 852, 879-80 (6th Cir. 2020)).

3

Next, Plaintiff does not allege facts to support the alleged violations of his

constitutional rights.  He claims a violation of his First Amendment right to

petition—presumably the government.  Yet he fails to explain how this right was

violated.  The same can be said of his Fifth and Fourteenth Amendment due

process and equal protection claims.  Plaintiff asserts a violation of the Eighth

Amendment's protection from cruel and unusual punishment; however, "the

Eighth Amendment applies only to those individuals who have been tried,

convicted, and sentenced."  *Richko v. Wayne Cnty.*, 819 F.3d 907, 915 (6th Cir.

2016), abrogated on other grounds by *Brawner v. Scott Cnty.*, 14 F.4th 585 (6th

Cir. 2021).  Plaintiff's allegations do not suggest that the amendment's protections

apply to him.

Plaintiff asserts a violation of the "guarantee of republican government" in

Article IV of the Constitution; but he fails to explain how that guarantee has been

violated or facts to support the claim.  Moreover, "[t]raditionally, the Supreme

Court 'has held that claims brought under the Guarantee Clause are nonjusticiable

political questions.'"  *Phillips v. Snyder*, 836 F.3d 707, 716 (6th Cir. 2016)

(quoting *Padavan v. United States*, 82 F.3d 23, 28 (2d Cir. 1996)); *see also Rucho

v. Common Cause*, 588 U.S. 684, 717-18 (2019) (citing *Pac. States Tel & Tel. Co.

v. Oregon*, 223 U.S. 118 (1912)).  28 U.S.C. § 1654 simply allows parties to "plead

and conduct their own cases personally or by counsel."  It is unclear whether

4

Plaintiff cites the statute merely to support his pro se status or because he is claiming some violation of the rights it protects.

Another deficiency in Plaintiff's pleading is that he attempts to sue the Flint Police Department.  This is not an entity capable of being sued under 42 U.S.C. § 1983—the vehicle for bringing a claim for the alleged constitutional violations. *See Shorter v. Giles Cnty. Police Dep't*, 73 F. App'x 780, 781 (6th Cir. 2003) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994));  *Jones v. Pigeon Forge, Tenn. Police Dep't*, No. 24-5485, 2024 WL 5697437, at *1 (6th Cir. Nov. 19, 2024) (citing *Matthews*, 35 F.3d at 1049).

Lastly, Plaintiff names 200 "John Doe" defendants, half being "public officials" and the other half being "private contractors."  Again, he fails to plead any specific misconduct by these unidentified parties to plausibly allege their violation(s) of the identified constitutional provisions.  But, also, a private actor can be held liable under § 1983 only if it "acted together with or has obtained significant aid from state officials, or because [its] conduct is otherwise chargeable to the State."  *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003) (quoting *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)).  Plaintiff alleges no facts to support such private-actor liability.

Further, Plaintiff also fails to plead sufficient facts to suggest that each of these defendants is a real, but unidentified, individual or entity whose identity can

be learned through discovery. The use of "John Doe" defendants "is not favored in the federal courts," and is permissible only "when the identity of the alleged defendant is not known at the time the complaint is filed and [the] plaintiff could identify [the] defendant through discovery." *Yates v. Young*, Nos. 84-5586, 85-5701, 1985 WL 13614, at *1 (6th Cir. Aug. 28, 1985) (collecting cases); *see also Palladeno v. Mohr*, No. 20-3587, 2021 WL 4145579, at *3 n.3 (6th Cir. Sept. 13, 2021) (collecting cases); *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (quoting *Dean v. Barber*, 951 F.2d 1210, 1510-16 (11th Cir. 1992)) (allowing for the use of "John Doe" pleading but only when "the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage'"); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (citation omitted) (explaining that, while "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored[,]" a plaintiff should be allowed to do so "where the identity of [the] alleged defendant" is not known before the complaint is filed "unless it is clear that discovery would not uncover the identit[y]").

Accordingly,

**IT IS ORDERED** that Plaintiff's application to proceed IFP is **GRANTED**.

**IT IS FURTHER ORDERED** that **within twenty-one (21) days** of this Opinion and Order, Plaintiff shall file an amended complaint in compliance with

Federal Rule of Civil Procedure Rule 8 or this action will be dismissed without

prejudice.[1]

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 9, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 9, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

---

[1] The Court advises Plaintiff that the District's website contains information useful to pro se parties: http://www.mied.uscourts.gov/. Among the resources available is the University of Detroit Mercy Law School Federal Pro Se Legal Assistance Clinic and the District's Pro Se Case Administrator.